**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

YUVISDEL RIVERON VEGA, by next friend YAMILE SANS LORES,

Petitioner,

v.

MARKWAYNE MULLIN, et al,

Respondents.

Case No.: 26-cv-4589-BJC-DEB

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241 WITHOUT PREJUDICE [ECF NO. 1]**

On August 12, 2026, Petitioner Yuvisdel Riveron Vega, through his friend Yamile Sans Lores, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. For the following reasons, the Petition is dismissed without prejudice.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*." 28 U.S.C. § 2242 (emphasis added). However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate [her] own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next

friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Coalition of Clergy, Laws., & Professors v. Bush,* 310 F.3d 1153, 1159–60 (9th Cir. 2002). Because it contravenes the normal concepts of Article III standing, the "burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

In support of her request to act as Petitioner's "next friend," Lores contends that "Petitioner has limited access to legal resources, legal materials, communication, and the ability to adequately prepare, file, and litigate this Petition without assistance" due to his confinement. ECF No. 1 at ¶ 2. Lores further states that she "has maintained a close and longstanding personal relationship with Petitioner and has remained in regular communication with him throughout his detention." *Id.* ¶ 3. She claims she is "[a]cting solely in Petitioner's best interests, [and she] has voluntarily agreed to serve as Petitioner's Next Friend for the limited purpose of seeking federal habeas corpus relief challenging the legality of Petitioner's continued immigration detention." *Id.* ¶ 4.

Here, Lores meets the first prong because she asserts that Petitioner does not have access to this Court due to a lack of legal resources. See *Florez Perez by next friend Tello v. Bondi*, 25-cv-3820-AGS-MSB, 2026 WL 59785 *1 (S.D. Cal. Jan. 7, 2026). In addition, Lores satisfies the second prong because she contends she has a "longstanding personal relationship" with Petitioner and is acting "solely in his best interests." ECF No. 1 ¶¶ 3-4.

However, a "next friend" must proceed with attorney representation. *United States v. Caputo*, 2023 WL 5207318, at *5 (E.D. Cal. 2023)(federal habeas statute "does not authorize the 'next friend' to proceed without an attorney"; See also *Hinojosa v. Warden, SATF/SP,* No. 2:22-cv-1780 DB P, 2023 WL 2874169, at *2 (E.D. Cal. Apr. 10, 2023) (requiring next friend to "be represented by counsel in order to proceed as a 'next friend' because pro se litigants have no authority to represent anyone other than themselves"), report and recommendation adopted, No. 2:22-cv-01780-KJM DB P, 2023 WL 4711303 (E.D. Cal. July 24, 2023).

Here, Petitioner has not signed the Petition, and Lores does not appear to be an

attorney. Therefore, she may not represent Petitioner as “next friend” pro se. Accordingly, the Court **DISMISSES** the Petition without prejudice. To have the case reopened, Petitioner must file an Amended Petition signed by Petitioner or a licensed attorney **no later than September 8, 2026**.

**IT IS SO ORDERED**.

Dated: August 25, 2026

Honorable Benjamin J. Cheeks
United States District Judge